IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| JENNIFER A. GREENLY<br>a/k/a JENNIFER A. GRACE<br>and DEAN M. GREENLY | BANKRUPTCY NO. 11-15397(MDC) |
| Debtors | |

## OBJECTION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, TO THE DEBTOR'S EXEMPTIONS

Christine C. Shubert, Esquire, the Chapter 7 Trustee (the "Trustee") of the Estate of Jennifer A. Greenly a/k/a Jennifer A. Grace ("Mrs. Greenly") and Dean M. Greenly ("Mr. Greenly") (collectively, Mr. and Mrs. Greenly are referred to herein as the "Debtors"), by and through her counsel, Maschmeyer Karalis P.C., hereby objects (the "Objection") to a certain exemption claimed by Mrs. Greenly in Schedule "C" of the Debtors' Bankruptcy Schedules, and in support thereof, respectfully avers as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtors' Chapter 7 case and this Objection is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. §522(l) and Rule 4003(b) of the Federal Rules of Bankruptcy Procedure.

### PROCEDURAL BACKGROUND

2.      On July 8, 2011 (the "Petition Date"), the Debtors filed for protection under Chapter 7 of the Bankruptcy Code.

3. On July 11, 2011, the Trustee was appointed and is so acting.

4. On the Petition Date, the Debtors filed their Bankruptcy Schedules, including Schedule "B"- Personal Property, Schedule "C" - Property Claimed as Exempt, Statement of Financial Affairs and Matrix. Schedules "B" and "C" are attached hereto as Exhibits "A" and "B," respectively, and made a part hereof.

5. The Debtors' original Schedule "B", Item 10, lists an annuity from Commonwealth Life Insurance Company - Annuity Policy No. 011800CS01z (the "Annuity") as follows:

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB WIFE JOINT COMM. | CURRENT MARKET VALUE |
|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | $1,250 monthly | J | $1,250.00 |

See, Exhibit "A".

6. Mrs. Greenly did not initially claim the Annuity as exempt[1]. See, Exhibit "B".

7. The 11 U.S.C. § 341(a) meeting of creditors (the "341 Meeting") was held on August 8, 2011 but not concluded as the Trustee requested various documentation from Mrs. Greenly pertaining to the Annuity.

8. On August 9, 2011, the Debtors filed Amended Schedules "B" and "C". Amended Schedules "B" and "C" are attached hereto as Exhibits "C" and "D," respectively, and made a part hereof.

9. In the Amended Schedule "B", the Annuity is correctly listed as an asset owned solely by Mrs. Greenly. See, Exhibit "C".

10. The Debtors' Amended Schedule "C" indicates that Mrs. Greenly has claimed the

---

[1] Although the Annuity was scheduled as a joint asset, it is owned solely by Mrs. Greenly.

Annuity as exempt as follows:

| DESCRIPTION OF PROPERTY | LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Annuities $1,250 monthly | 11 U.S.C. § 522(d)(10)(C) <br> 11 U.S.C. § 522(d)(10)(E) <br> 11 U.S.C. § 522(d)(11)(E) | $1,250.00/ month <br> $1,250.00/ month <br> $1,250.00/ month | $1,250.00 |

See, Exhibit "D"

11. As Mrs. Greenly did not produce the requested documents to the Trustee, on September 2, 2011, the Trustee filed a Motion to Compel Debtors to Turnover Property of the Estate Pursuant to 11 U.S.C. §§ 521(a)(3), (a)(4) and 542(e) (the "Compel Motion") [Docket No. 21].

12. On September 28, 2011, an Order was entered granting the Compel Motion [Docket No. 25].

13. As the requested documents were still not provided to the Trustee, on October 12, 2011, the Trustee filed a Motion for an Order Enforcing Court Order Dated September 28, 2011 and Holding Debtors in Contempt Pursuant to 11 U.S.C. § 105(a) and Fed.R.Bankr.P. 9020 (the "Contempt Motion") [ Docket No. 29].

14. Thereafter, Mrs. Greenly provided the Trustee with the requested documents pertaining to the Annuity and the Trustee withdrew the Contempt Motion on October 27, 2011 [Docket No. 31].

15. The Trustee concluded the 341 Meeting on November 15, 2011.

## ANNUITY BACKGROUND

16. On or about September 24, 1995 (when Mrs. Greenly was nineteen (19) years old[2]),

---

[2]Mrs. Greenly was born on February 6, 1976.

she was involved in a motor vehicle accident.

17. Mrs. Greenly asserted a claim against Penn Land Insurance Company (the "Insurer") for underinsured motorist benefits subject to the Insurer's $600,000.00 coverage limit.

18. On or about December 18, 1996, Mrs. Greenly and the Insurer settled the matter in accordance with the terms of a Settlement Agreement and Release (the "Settlement Agreement"). The Settlement Agreement is attached hereto as Exhibit "E" and made a part hereof.

19. The Settlement Agreement provided for, inter alia, the immediate payment of $250,000.00; the sum of $1,250.00 per month for the life of Mrs. Greenly (with forty (40) years guaranteed); and the following lump sum payments:

>  $11,653 to be paid on 1/1/00
>  $14,335 to be paid on 1/1/03
>  $17,714 to be paid on 1/1/06
>  $21,889 to be paid on 1/1/09
>  $27,049 to be paid on 1/1/12
>  $33,425 to be paid on 1/1/15
>  $40,365 to be paid on 1/1/18
>  $47,062 to be paid on 1/1/21
>  $54,871 to be paid on 1/1/24
>  $63,946 to be paid on 1/1/27
>  $89,0670 to be paid on 1/1/33
>  $152,945 to be paid on 1/1/40

See, Exhibit "E" at ¶¶ 2.1 and 2.2.

20. The Settlement Agreement also provided for the assignment of the periodic payments to Providian Assignment Corporation and the purchase of an annuity policy through Commonwealth Life Insurance Company ("Commonwealth") to fund the payments. See, Exhibit "E" at ¶¶ 5.1 and 6.0.

21. The Annuity was purchased from Commonwealth and commenced on January 1, 1997 to fund the payments required under the Settlement Agreement. The Annuity is attached hereto

as Exhibit "F" and made a part hereof.

22. Mrs. Greenly has received all of the required payments under the Annuity to date and is now thirty-five (35) years of age.

23. While not known to the Trustee, Mrs. Greenly is now receiving the monthly payments from Monumental Life Insurance Company and not Commonwealth. Proof of the August, 2011 payment that Mrs. Greenly received is attached hereto as Exhibit "G" and made a part hereof.

## RELIEF REQUESTED

24. As indicated herein, Mrs. Greenly has claimed the monthly payments from the Annuity as exempt pursuant to 11 U.S.C. § 522(d)(10)(C), 11 U.S.C. § 522(d)(10)(E), and 11 U.S.C. § 522(d)(11)(E). See, Exhibit "D".

25. Upon information and belief, Mrs. Greenly is also trying to claim the lump sum payments as exempt as well.

### A. **Mrs. Greenly may not claim the Annuity Payments as Exempt under 11 U.S.C. § 522(d)(10)(C).**

26. Although the Settlement Agreement and the Annuity indicate that the required payments constitute personal injuries or sickness within the meaning of the Internal Revenue Code, this was purely done for tax reasons as part of the settlement with the Insurer.

27. Under Section 522(d)(10)(C) of the Bankruptcy Code, a debtor may exempt his or her right to receive a disability, illness, or unemployment benefit. See, 11 U.S.C. § 522(d)(10)(C).

28. However, the Annuity at issue is a structured settlement of a personal injury action and Mrs. Greenly is not disabled, sick or unemployed as a result of the accident.

29. An exemption claimed under 11 U.S.C. § 522(d)(10)(C) requires that the benefit be received as payment in lieu of future earnings of a debtor whose ability to generate future earnings

has been reduced or lost because of disability, illness, or unemployment. <u>See</u>, <u>In re Sanchez</u>, 362 B.R. 342, 351 (Bankr. W.D. Mich. 2007); <u>In re Jones</u>, 446 B.R. 466, 471 (Bankr. D. Ka. 2011).

30. Workers' compensation and Social Security disability are the normal payments exempted under this subsection. <u>See</u>, <u>In re Wegrzyn</u>, 291 B.R. 2, 5 (Bankr. D. Mass. 2003)

31. According to the legislative history, exemptions claimed under 11 U.S.C. §522(d)(10)(C) are available to compensate for disability benefits. <u>See</u>, <u>In re Evans</u>, 29 B.R. 336, 337 (Bankr. D.N.J. 1983).

32. Section 11 U.S.C. § 522(d)(10)(C) exempts the debtor's "right to receive ... temporary contractual benefits, most of which will arise form the debtor's employment." <u>See</u>, 2 William L. Norton Jr., Bankruptcy Law and Practice 2d. § 46:17 at 46-38 (2d ed. 1997).

33. Simply put, Mrs. Greenly is asserting that the Annuity is a privately funded disability plan. However, such privately funded plans are not exempt under 11 U.S.C. § 522(d)(10)(C). <u>See</u>, <u>In re Wegrzyn</u>, 291 B.R. at 5. <u>See</u> <u>also</u>, <u>In re Morehead</u>, 283 F.3d 199, 203 (4th Cir. 2002).

34. Section 522(d)(10)(C) only applies to government benefits and short term employment related disability benefits. <u>See</u>, <u>In re Wegrzyn</u>, 291 B.R. at 5.

**B.    Mrs. Greenly may not claim the Annuity Payments as Exempt under 11 U.S.C. § 522(d)(10)(E).**

35. An exemption under §522(d)(10)(E) requires the benefits received (1) be in the nature of a stock bonus, pension, profitsharing, annuity, or similar plan or contract; (2) arise on account of illness, disability, death, age or length of service; and (3) are reasonably necessary for the support of the debtor and the debtor's dependents. <u>See</u>, 522(d)(10)(E).

36. This exemption protects future steams of income which are intended to replace wages lost upon retirement, disability, or the death of a wage earner upon whom the claimant was

dependent. See, In re Stover, 332 B.R. 400, 403 (Bankr. W.D. Mo. 2005) (citing Checkett v. Vickers (In re Vickers), 954 F.2d 1426, 1429 (8th Cir. 1992). See also, H.R. REP. NO. 95-595, at 362 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6318.

37. Whether an asset qualifies as a pension, annuity, or other similar plan or contract depends upon whether the contract provides benefits in lieu of earnings after retirement. See, In re Jones, 446 B.R. at 472.

38. Just identifying a contract as an annuity does not make it the type of annuity Congress intended to exempt under §522(d)(10)(E).

39. A pension is defined as a fixed sum... paid under given conditions to a person following his retirement from service (as due to age or disability). See, Rousey v. Jacoway, 544 U.S. 320, 325-26, 125 S. Ct. 1561, 161 L. Ed. 2d 563 (2005).

40. The typical feature of plans exempt under 11 U.S.C. §522(d)(10)(E) is to fill or supplement a salary or wage loss. See, In re Jones, 446 B.R. at 472.

41. To determine whether a contract provides a substitute for wages, courts examine the facts and circumstances surrounding the contract's creation as well as its contents. See, In re Cassell, 443 B.R 200, 2010 Bankr. LEXIS 4568, 2010 WL 5185054 (Bankr. N.D. Ga. 2010).

42. The intent of the drafters of 11 U.S.C. 522(d)(10)(E) was as follows::

> Paragraph (10) exempts certain benefits that are akin to future earnings of the debtor. These include social security, unemployment compensation, or public assistance benefits, veteran's benefits, disability, illness, or unemployment benefits, alimony, support, or separate maintenance (but only to the extent reasonably necessary for the support of the debtor and any dependents of the debtor), and benefits under a certain stock bonus, pension, profitsharing, annuity, or similar plan based on illness, disability, death, age or length of service.

See, H.R. Rep. no. 595, 95th Cong., 1st Sess. 362 (1977), reprinted in 1978 U.S. Code Cong. & Ad.

News, 5787, 6318.

43. The word "annuity" in this subsection deals with retirement, unemployment compensation, alimony, disability payments and things of this nature. See, In re Simon, 71 B.R. 65, 68 (Bankr. N.D. Ohio 1987).

44. These sources of the exempt payments are essentially an employer, former spouse, or a government entity.

45. As such, an annuity which is merely in settlement of a tort suit was not contemplated by the drafters.

46. The drafters only appeared to be concerned with annuities as used in retirement and disability planning. See, In re Simon, 71 B.R. at 68.

47. Quite simply, 11 U.S.C. § 522(d)(11)(E) does not allow for the exemption of an annuity which is used to fund a structured tort settlement. See, In re Simon, 71 B.R. at 68.

48. In the alternative, the Annuity is not reasonably necessary for the support of Mrs. Greenly or her dependents.

    A. Mrs. Greenly and her spouse are separated and live in separate households.

    B. Mr. Greenly's net monthly pay is approximately $184.00 over his monthly expenses. The Debtor's Schedules "I" and "J" are attached hereto as Exhibits "H" and "I," respectively, and made a part hereof.

    C. For the two (2) month period immediately preceding the Petition Date, Mrs. Greenly's net monthly pay was approximately $892.00, not including the payments from the Annuity. Mrs. Greenly's pay statements for this time frame are attached hereto as Exhibit "J" and made a part hereof.

    D. Mrs. Greenly's average monthly expenses are $1,858.00 leaving a shortfall

of $966.00 without the monthly Annuity payment. With the monthly Annuity payment, Mrs. Greenly has excess monthly funds in the amount of $284.00. See, Exhibit "I".

E. As such, at a minimum, the sum of $284.00 from the monthly Annuity payment is not exempt nor are any of the installment payments including, but limited to the installment payment in the amount of $27,049.00 that is due on January 1, 2012 and all future lump sum payments.

C. **Mrs. Greenly may not claim the Annuity Payments as Exempt under 11 U.S.C. § 522(d)(11)(E).**

49. An exemption under §522(d)(11)(E) requires the benefits received (1) be a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent and (2) are reasonably necessary for the support of the debtor and the debtor's dependents. See, 522(d)(11)(E).

50. As indicated herein, the Annuity was created to fund a structured tort settlement.

51. Nothing contained in the Settlement Agreement nor the Annuity indicate that any of the payments were to compensate Mrs. Greenly for loss of future earnings. See, Exhibits "E" and "F".

52. The motor vehicle accident occurred when the Debtor was nineteen (19) years old and she is now thirty-five (35).

53. Mrs. Greenly is employed working, on average, over thirty (30) hours a week. See, Exhibit "J".

54. In the alternative, the Annuity is not reasonably necessary for the support of Mrs. Greenly or her dependents as delineated in paragraph 48 herein.

55. Pursuant to the terms of the Annuity, Mrs. Greenly has already received over

$540,000.00 and, if her exemptions are sustained, she will receive at least another $883,000.00 while receiving a discharge of her debts in the scheduled amount of less than $40,000.00.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court deny Mrs. Greenly's claimed exemption in the Annuity and for such other relief as this Court deems just and proper.

                                    **Respectfully submitted,**

                                    **MASCHMEYER KARALIS P.C.**

                                    By:  /s/ Robert W. Seitzer
                                           Paul B. Maschmeyer, Esquire
                                           Robert W. Seitzer, Esquire
                                           1900 Spruce Street
                                           Philadelphia, PA 19103
                                           (215) 546-4500
                                           Attorneys for the Trustee

Dated: November 18, 2011