IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **JENNIFER A. GREENLY** | : | **BANKRUPTCY NO. 11-15397(MDC)** |
| **a/k/a JENNIFER A. GRACE** | : | |
| **and DEAN M. GREENLY** | : | |
| | : | |
| **Debtors** | : | |
| | : | |

## ORDER

AND NOW, on this _30th_ day of _January_, 2013 upon consideration of the Motion of Christine C. Shubert, Chapter 7 Trustee (the "Trustee"), for Authority to Sell Future Installment Payments Due Under Annuity Policy Free and Clear of all Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363 (the "Motion"), and after notice to creditors and parties in interest; it is hereby

ORDERED, that the Motion is **GRANTED**; it is further

ORDERED, that pursuant to 11 U.S.C. § 363(b) and by the issuance of this Order, the Trustee is authorized, empowered and directed to execute and deliver the necessary documents to transfer and sell the following payments due under Commonwealth Life Insurance Company - Annuity Policy No. 011800cs01z: (i) payment due on January 1, 2015 in the amount of $33,425.00 and (ii) payment due on January 1, 2018 in the amount $40,365.00 (collectively, the "Property") to J.G. Wentworth Originations, LLC (the "Purchaser") for the purchase price of $53,000.00 pursuant to the terms and conditions of the Purchase Contract (the "Purchase Contract") attached to the Motion as Exhibit "A" (if there is any inconsistency between the Purchase Contract and this Order, this Order shall control); it is further

**ORDERED,** that the Trustee be and hereby is permitted to sell the Property to the Purchaser free and clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims against the Debtors or their property, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, notice or unnoticed, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims"); it is further

**ORDERED,** that the Liens and Claims shall attach to the proceeds of sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code; it is further

**ORDERED,** that the Property is being sold to the Purchaser on an "AS IS, WHERE IS" basis, without any warranty, either expressed or implied, with all defects; it is further

**ORDERED,** that the transfer of the Property to the Purchaser constitutes a legal, valid and effective transfer of the Property and shall vest the Purchaser with all right, title and interest of the Debtors in and to the Property, free and clear of all Liens and Claims; and it is further

**ORDERED,** that the Purchase Price provided by the Purchaser for the Property is fair and reasonable. The Purchase Price was negotiated, proposed and entered into without collusion, in good faith and from an arm's length bargaining position "within the meaning of § 363(f) of

2

the Bankruptcy Code and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir.

1986)".

**BY THE COURT:**

HONORABLE MAGDELINE D. COLEMAN,
UNITED STATE BANKRUPTCY JUDGE

3